UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:06-M-46M |
| | : | |
| RICHARD RIBEIRO | : | |

**MODIFIED[1] ORDER**
**REQUIRING REIMBURSEMENT**

On May 22, 2006, the Court conducted a hearing in the above matter pursuant to 18 U.S.C. § 3006A(c) to determine whether Defendant Richard Ribeiro ("Defendant") is financially able to obtain counsel or to make partial payment for representation by the Federal Defender.[2] At the hearing, Defendant testified to the following facts:

1. that he is the sole owner of the real estate located at 32 Macondray Street, in Cumberland, Rhode Island;
2. that this property is worth approximately $200,000.00;[3]
3. that as of April 12, 2006, the outstanding balance on

---

[1] This written order modifies in two respects the oral order which the Court announced at the conclusion of the May 22, 2006, hearing. The lump sum payment which Defendant must make within thirty days is reduced from $8,000.00 to $7,000.00, and the monthly payments of $1,000.00 which Defendant was to make for two months thereafter are eliminated. <u>See</u> n.6.

[2] At the hearing, Defendant's counsel, Assistant Federal Defendant Edward C. Roy, presented the Court with three documents: a copy of Defendant's mortgage statement as of 04/12/06, a copy of a quit-claim deed for property located on Macondray Street in Cumberland, Rhode Island, and a copy of a pay stub for Defendant's wife for the period ending 05/12/06. The Court has marked these documents as Hearing Exhibits A, B, and C, but has also directed that they be placed under seal to protect the confidentiality of the information they contain.

[3] According to the Certified Revaluation Company, which maintains the Town of Cumberland's real estate data, the assessed value of the property as of 12/31/04 was $214,900.00. <u>See</u> www.cumberlandri.org/towndepts/crc.php.

the mortgage on the property was $74,260.49;

4. that each month he receives a pension check from the State of Alaska in the amount of approximately $1,900.00 to $2,000.00;

5. that his present incarceration commenced on or about May 1, 2006, and that approximately one month before this he received a check for $19,000.00 from an insurance company as payment for his 1998 Corvette automobile which had been destroyed in an accident;

6. that of this $19,000.00 approximately $8,200.00 remains and is in a bank account;

7. that he owns at least three vehicles, including a 1999 Dodge pick-up truck which has an approximate value of $7,200.00 and an outstanding $4,500.00 loan, a 1987 El Camino which has a value of $3,000.00 or less and no outstanding loan, and a 1987 Corvette with a damaged engine which has a value of approximately $1,000.00 to $2,500.00;[4]

8. that his wife owns two automobiles, a 1997 Ford Taurus with no outstanding loan and a 1988 Corvette with a $5,000 loan;

9. that his wife is employed full time by a local school department and earns approximately $20,000.00 per year;

10. that he has no dependents whom he is legally obligated to support, although he occasionally provides financial assistance to one of his adult children and to his mother; and

11. that he is presently incarcerated at the Adult Correctional Institutions in Cranston, Rhode Island, because of a pending violation of probation petition.

Based on the above facts, especially the fact that Defendant has $125,000.00 in equity in his residence, $8,200.00 in a bank account, and monthly income of approximately $1,900.00 to

---

[4] Defendant testified to owning two other vehicles which he described as being in pieces and not operational.

$2,000.00 per month while he is incarcerated, the Court finds pursuant to 18 U.S.C. § 3006A(c) that Defendant is able to make partial payment for representation.[5] **Accordingly, Defendant is ordered to pay by June 22, 2006, the sum of $7,000.00[6] to the Clerk as reimbursement for the cost of the services of the Federal Defender in accordance with 18 U.S.C. § 3006A(d).** The Court will conduct a hearing on September 6, 2006, to determine whether any additional payments shall be required from Defendant.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
May 23, 2006

PER ORDER:

Martha Saucier
Deputy Clerk

---

[5] Were it not for the fact that Defendant's present incarceration makes it difficult, if not impossible, for him to obtain a second mortgage on his home, see e.g., R.I. Gen. Laws § 13-6-3 (prohibiting person sentenced to imprisonment at the ACI from making a conveyance of his property without permission of superior court), this Court would likely find that Defendant is financially able to obtain counsel and would terminate the services of the Federal Defender, see 18 U.S.C. § 3006A(c) (authorizing the Court to terminate the appointment of counsel if it finds that the person is financially able to obtain counsel).

[6] Following the May 22, 2006, hearing, the Court reflected upon the fact that pursuant to 18 U.S.C. § 3006A(d)(2) the maximum compensation which may be paid "to an attorney or to a bar association or legal aid agency or community defender organization ...," id., shall not exceed $7,000.00 without a certification by the Court that payment in excess of that figure is necessary to provide fair compensation, see id. Given this language, the Court concluded that Defendant should not be required at this point to pay more than $7,000.00 in order to continue to be represented by the Federal Defender's Office.