IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

v. CR No. 06 66S

RICHARD RIBEIRO,
Defendant

MOTION TO DISMISS FOR LACK OF JURISDICTION

NOW COMES Defendant, Richard Ribeiro, pro se and moves this Court to dismiss the indictment in the above captioned case as it violates the applicable statute of limitations for a crime charged under 18 U.S.C.S. subsection 922(g)(1) and in support thereof states the following:

1. Defendant was indicted on May 24, 2006, for the crime of: possession of a firearm by a felon pursuant to 18 U.S.C.S. subs. 922(g)(1).

2. In charging Defendant with this crime, the government cites Defendant's felony conviction on September 25, 1997, possession of heroin with intent to deliver and Defendant's alleged possession of three firearms[1] which were purchased by Defendant's wife in Alaska in 1984.

[1] The three guns cited in the May 24, 2006 indictment were a: Savage 30.06 caliber rifle; Mossberg .12 gauge shotgun and a Marlin .357 caliber rifle.

As cited in the government's case against Defendant, the Defendant acquired possession of these firearms in 1984. Also, as presented by the government, Defendant became a felon on September 25, 1997.

As cited in U.S. v. Agnes (1978, DC Pa), 453 F. Supp. 1256, the appropriate statute of limitations for violation of 18 U.S.C.S. subs. 922 is five (5) years, as provided by 18 U.S.C.S. subs. 3282. 18 U.S.C. subs. 3282(a) states:

"Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

As such, based on the statute of limitations for a crime committed in violation of 18 U.S.C.S. subs. 922(g)(1), this Court lacks jurisdiction to proceed against Defendant in criminal no. 06 66 S and therefore must dismiss the indictment against Defendant, as the government's jurisdiction over Defendant, for the indictment presented, expired on September 25, 2002.

As stated in Black's Law Dictionary, statute of limitations is defined as:

"A statute establishing a time limit for prosecuting a crime, based on the date when the offense occurred."

"The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature had decided to punish by criminal sanctions." Toussie v. U.S., 397 U.S. 112; 90 S.Ct 858 (1970).

According to the government's evidence, Defendant committed his crime on September 25, 1997, hence the government had until September 25,

2002 to charge Defendant with the crime of possession of a firearm by a felon, the date the statute of limitations expired, pursuant to 18 U.S.C.S. subsection 3282, therefore this Court must dismiss criminal no. 06 66 S, in the matter of United States v. Richard Ribeiro.

Respectfully submitted,

Richard Ribeiro

Richard Ribeiro.
#60250
P.O. Box 8249
Cranston, RI 02920

CERTIFICATION

I HEREBY CERTIFY that on this 24th day of April, 2007 a copy of the foregoing was mailed postage paid first class to Zechariah Chafee, Assistant U.S. Attorney, 50 Kennedy Plaza, Providence, RI 02903.

Richard Ribeiro

Richard Ribeiro