IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. CR No. 06 66S

RICHARD RIBEIRO,
Defendant

DEFENDANT'S MOTION FOR RECONSIDERATION

NOW COMES Defendant, Richard Ribeiro, pro se, and respectfully moves this Court to reconsider its May 31, 2007 Order denying Defendant's Motion to Dismiss in the above captioned case and in support thereof states the following:

1. On April 25, 2007, Defendant filed, with this Court, Defendant's Motion to Dismiss based on the Government's failure to indict within the statute of limitations for the crime of felon in possession of a firearm.

2. On June 1, 2007, after repeated requests by Defendant to his attorney for a copy of the Government's Response to Defendant's Motion to Dismiss, Defendant received, from his attorney, the Government's Response dated May 30, 2007, albeit, well past the statutory response deadline of twenty (20) days and without certification to Defendant's current attorney.

3. Also on May 30, 2007, this Court denied Defendant's Motion to Dismiss, without allowing Defendant the opportunity to respond and without a hearing.

This Motion for Reconsideration follows.

It would seem that the Government's position in opposition to Defendant's Motion to Dismiss is based on the misconception that Defendant was a felon in possession of a firearm during the commission of a <u>new</u> crime. That would be the only rational explanation for the Government's insistence that the statute of limitations in Defendant's case began when he was arrested. Such is not the case - the facts, as provided by the government, prove otherwise.

Based on the statement of an arrested convicted felon who was facing the imposition of a twenty (20) year suspended sentence as a probation violator, a search warrant was procured to search Defendant's home because it was told to the police, by this "reliable" informant that Defendant was a drug dealer. The search of Defendant's home recovered no drugs, only several firearms purchased, as submitted in the Government's case, by Defendant's wife, in Alaska, in 1984 (Exhibit 1). Defendant was subsequently arrested and charged as a felon in possession of a firearm, under 18 U.S.C.S. subs.922(g)(1).

Additional evidence gathered by the Government reveals the fact that the felony, used by the Government in charging Defendant under 18 U.S.C.S. subs. 922(g)(1), occurred on September 25, 1997.

In reviewing 18 U.S.C.S. subs. 922(g)(1), the statute under which Defendant was charged, it is stated that there is a 5 year statute of limitation for this crime (see Exhibit 2), pursuant to 18 U.S.C.S. subs. 3282 (Exhibit 3). In so stating, 18 U.S.C.S. subs. 922(g)(1) cites the federal case upholding the 5 year statute of limitations, <u>U.S. v. Agnes</u>, 453 F. Supp 1256 (1978) (see Exhibit 4). In <u>Agnes</u>, that Court opinioned that the statute of limitations is calculated by taking the date of indictment, in Defendant's case that would be May 24, 2006, and going back five years, in Defendant's case that would be May 24, 2001. The Agnes Court then stated that <u>Agnes</u>, in order to establish a violation of the statute of limitations, for a crime charged under U.S.C.S. subs. 922(g)(1), would have to prove receipt of the firearm before the statute of limitations began, or after the indictment was issued.

In Defendant's case, Defendant would have to prove receipt of the firearms in question before May 24, 2001, or after May 24, 2006, in order to prove that the indictment issued on May 24, 2006 was invalid, as the statute of limitations, pursuant to 18 U.S.C.S. subs. 3282, as presented by the Government's case, ran from May 24, 2001 to May 24, 2006. Defendant does not have to prove this fact, the Government has.

As part of the Government's discovery in CR No. 06 66S, the following documents were provided to Defendant by the Government:

1. May 1, 2006 Witness Statement of Lorraine Ribeiro, wife of the Defendant (Exhibit 5).
2. May 1, 2006 Affidavit of Cumberland Police Officer Michael P. Strain (Exhibit 1).
3. May 9, 2006 Certification of Defendant's September 25, 1997 Felony Conviction (Exhibit 6).

In Exhibit 1 of the Government's evidence is the statement by Cumberland Police Officer Michael P. Strain that Defendant's alleged receipt of these firearms occurred in 1984. Exhibit 2 is further Government evidence that Defendant allegedly came into possession of these firearms in 1984. Thus, the Government's case alleges that Defendant's receipt of these firearms occurred in 1984. However, pursuant to Exhibits 2-4 (federal statute and common law), the Government would have to prove receipt of these firearms between May 24, 2001 and May 24, 2006. The Government's evidence, not only failed to prove this fact, but allegedly proved that receipt occurred in 1984.

WHEREFORE, for the facts provided by the Government in CR06 66S, Defendant came into receipt of the firearms, for which he is being charged, <u>before</u> the applicable time period that the Government can charge Defendant with the crime of felon in possession of a firearm, as determined in the federal case of <u>U.S. v. Agnes</u>, or, as argued by this Defendant in his April 25, 2007 Motion to Dismiss, the statute of limitations in Defendant's case expired, using the Government's evidence, on September 25, 2002, five years after Defendant allegedly was a felon in possession of the firearms purchased by Defendant's wife in 1984. THEREFORE, Defendant respectfully moves this Honorable Court to RECONSIDER its denial of Defendant's Motion to Dismiss and either conduct an evidentiary hearing to allow the Government to prove how the statute of limitations has not expired or to DISMISS the indictment in CR No. 06 66S.

Respectfully submitted,

Richard Ribeiro
P.O. Box 8249
Cranston, RI 02920

CERTIFICATION

I HEREBY CERTIFY that on this 9th day of June, 2007, a copy of the foregoing was mailed postage paid first class to U.S. District Court, 119 Federal Bldg, Providence, RI and Zechariah Chafee, Assistant U.S. Attorney, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

Richard Ribeiro