**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **-vs-** | : | **CR. No.: 06-0066-01S** |
| | : | |
| **RICHARD RIBEIRO** | : | |

**DEFENDANT'S MOTION FOR VARIANCE**
**FROM SENTENCING GUIDELINES**

NOW COMES the defendant, RICHARD RIBEIRO, and moves this Honorable Court for a variance and/or departure from the sentencing guidelines.

In support of this motion the defendant attaches a Memorandum hereto.

RICHARD RIBEIRO
By his attorney,

*/s/ William C. Dimitri*
WILLIAM C. DIMITRI, ESQ. #3129
462 Broadway
Providence, RI 02909
Tel (401) 273-9092
Fax (401) 331-1898

**CERTIFICATION**

I hereby certify that on the 1st day of November, 2007, I served a true copy of this Motion via electronic filing to Zechariah Chafee, AUSA, and a copy to Kristin Ann Mattias, United States Probation, via facsimile.

*/s/ William C. Dimitri*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **-vs-** | : | **CR. No.: 06-0066-01S** |
| | : | |
| **RICHARD RIBEIRO** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR VARIANCE FROM SENTENCING GUIDELINES**

The defendant, RICHARD RIBEIRO, was found guilty after trial of being a felon in possession of firearms.

As presently written, the PSR categories the defendant at an adjusted offense level 33, criminal history category 5 with a resulting advisory sentencing range of 210-262 months.

The guideline range as concluded was arrived at by factoring the defendant's relevant criminal history points and then enhancing his sentence under U.S.S.G. § 4B1.4(b)(3)(B) – the armed career criminal provisions.

The PSR sets forth (paragraph 81) that there are no factors that should warrant a departure from the prescribed guidelines, but the defendant avers that there are factors the court should consider and further avers that by virtue of the simple fact that the guidelines are advisory, the court can depart from the guidelines for any reason it deems fit.

Of course, in doing so, the court must consider the factors set out in 18 U.S.C. § 3553, to wit; the nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, to provide just punishment, to

afford adequate deterrence (to the defendant and to other members of society), to protect the public from further crimes of the defendant and to provide the defendant with educational and vocational training ….

The goals of the sentencing guidelines were, in addition to providing some uniformity of sentences, to set forth penalties that reflected the seriousness of offense, to afford adequate deterrence, to promote respect for the law and to provide just punishment.

However, as initially drafted they remained inflexible and tied the hands of the judiciary when considering the nature and circumstances of the offense and the history and characteristics of the defendant. Fortunately, over the years the trial courts and then the appellate courts began to recognize the rigidity of the guidelines and departures from the guidelines became more acceptable.

Ultimately, as the court well knows, the guidelines became advisory, thereby giving the trial courts more discretion in fashioning appropriate sentences. The guidelines, however, remain part of the sentencing scheme and are to be considered in all sentencings and in most respects are still considered to be reflective of the factors enumerated in 18 U.S.C. § 3553(a)(2)(A)(B) and (C).

They do not, however, always reflect the nature and circumstances of the offense and certainly by their very nature are not reflective of the history and characteristics of the defendant or the potential need for educational or vocational training.

**THE OFFENSE**:

The offense conduct proven in this case is rather simple and straight forward. The facts as shown and found to be so beyond a reasonable doubt by a jury were that the

defendant, Richard Ribeiro, knowingly possessed three firearms after having been previously convicted of a felony.

The weapons were found in a crawl space on the second floor of the home that he shares with his wife in the Town of Cumberland, Rhode Island.

There was no evidence to suggest that those weapons had been used in any illegal fashion beyond the mere possession by the defendant.

**HISTORY AND CHARACTERISTCS OF THE DEFENDANT:**

The defendant is a fifty-nine (59) year old man who was born to the union of Antonio and Carmen Ribeiro.

The defendant's childhood was relatively normal although he had some difficulty in school and repeated both the third and fourth grade. This made the defendant self-conscious and consequently he stopped trying.

He reports that at approximately the ages of 11 or 12 he was sexually abused. Although he reported this abuse he was not believed and he has spent the years attempting to "push the incidents out of his head."

The defendant, although employed as a mechanic in and for the State of Alaska from 1977-1983, has been unemployed since then.

Since that time the defendant has had chronic pain which has led to depression and anxiety.

The pain from the back injury led him to self medicate with heroin, a drug he was introduced to in the 80's. He eventually began using it on a daily basis and was snorting approximately three bags per day so he could ease the pain.

Eventually it was this addiction which led to his arrest and <u>Alford</u> plea in Connecticut in 1990 and his arrest in Rhode Island in 1997 (which resulted in two pleas in September 1997).

Since his release from prison on those two charges he has been prescribed Oxycontin and has utilized that to manage his pain. Although prescribed, he admits to sometimes using more than recommended.

Mr. Ribeiro, in addition to the back injury, had been diagnosed with anxiety and depression.

After sustaining the back injury he was the "victim" of an experimental procedure which only worsened his condition.

Additionally, he suffers from high blood pressure, suffered a heart attack this past year and is required to take the following medications:

| | | |
|---|---|---|
| -Ranitidine | 150 mg | daily |
| -Aspirin | 325 mg | daily |
| -Metoprolol | 100 mg | 2x daily |
| -Potassium Chloride | | daily |
| -Plavix | 75 mg | daily |
| -Simvastatin | 20 mg | daily |
| -HCTZ | 25 mg | daily |
| -Amlodipine | 5 mg | daily |
| -Lisinopril | 10 mg | daily |

In effect, the defendant is a walking pharmacy .

While incarcerated, a psychological evaluation was performed at the request of the Federal Defender's Office.

This evaluation showed:

-a low average range of general intellectual abilities;
-significant depressive symptomatology; and
-probable childhood learning disability.

**SERIOUSNESS OF THE OFFENSE:**

Virtually any sentence imposed in this case will serve the purpose of reflecting the seriousness of the offense and provide adequate deterrence.

If not for this disputed Connecticut case, the defendant would have a guideline range of 110-137 months (level 26, category 5) which would place him in a 9 to 11.5 year range.

The defendant is nearing sixty (60) years old and that sentence alone could potentially be life sentence for some defendants his age.

The offense for which he is being sentenced is the possession of weapons as a felon – charges which are ten and 17 years old.

Although the defendant has made some poor choices in life, he has no history of violence and it can not be said that a ten year stretch of incarceration does not send the message – not only to this defendant but to other individuals similarily situated.

If the court upholds the determination that the defendant is an armed career criminal, it must sentence him to a minimum term of 15 years – a long time for possessing weapons that had not been used in any other crime.

The defendant asserts that a downward departure – or a sentencing variation is warranted whether or not the court agrees with that determination, and suggests that upon review of the totality of the circumstances of the defendant's history and characteristics, that the court should find sufficient basis for a variation from the sentencing guidelines.

RICHARD RIBEIRO
By his attorney,

*/s/ William C. Dimitri*
WILLIAM C. DIMITRI, ESQ. #3129
462 Broadway
Providence, RI 02909
Tel (401) 273-9092
Fax (401) 331-1898

**CERTIFICATION**

I hereby certify that on the 1st day of November, 2007, I served a true copy of this Memorandum via electronic filing to Zechariah Chafee, AUSA, and a copy to Kristin Ann Mattias, United States Probation, via facsimile.

*/s/ William C. Dimitri*